## Owen v. Monaco

*Philip E. Brockway* and *William C. Kuhn*, for plaintiff.

*Albert E. Acker*, for defendant.

MCKAY, J., January 30, 1961.—When the pretrial conference was held in the above-entitled case, counsel for defendant requested the court to order plaintiff to furnish an authorization to Dr. Irvine G. Milheim to furnish defendant's counsel a copy of the notes or memoranda made by the doctor at the times he examined and treated plaintiff, or to permit defendant's counsel to see them. Counsel for plaintiff objected. We withheld a ruling on the request. We will now treat the request as a motion calling for formal disposition and order.

In the first place, we question whether the doctor's notes are subject to discovery at all. In Goodrich-Amram, comment under Pa. R. C. P. rule 4010-9, at page 196, the comment is made: "Neither party has a right to the report of the physician whom his opponent has engaged."

The information which is the subject of the report was obtained after the accident and, at least to some extent, was obtained in anticipation of or in preparation for trial. It follows that the memoranda or notes made by the doctor at the time he examined plaintiff from which the report was compiled are likewise immune from discovery, except by agreement of the parties. Even if the doctor's testimony were taken in deposition, his notes would not be available for inspection by counsel unless he used them to refresh his recollection as a witness.

Yankovich v. Dicks, 14 D. & C. 2d 53, is not contrary to this view. In that case one of the issues was whether plaintiff's present condition was the result of the accident or of a condition that existed prior to the accident. The medical records which were held to be the proper subject of discovery were related to the prior condition and were made before the occurrence of the accident out of which the case arose.

But if there were any doubt about this, the discovery requested is expressly forbidden by rule 4011(*b*) which provides:

"No discovery or inspection shall be permitted which . . . (b) causes unreasonable annoyance, . . . to the deponent or any person or party."

In the present case, although she was not required to do so, plaintiff voluntarily delivered to defendant a thermofax copy of Dr. Milheim's medical report made to plaintiff on July 30, 1960. Inasmuch as defendant has this report which embodies the information obtained by the doctor as to plaintiff's physical condition on and prior to that date, there is no reason why he should be permitted, in addition, to inspect the memoranda from which the report was prepared. The preparation of reports, furnishing copies thereof to interviewing attorneys, and testifying in court are all annoyances to physicians whose time is principally devoted to the treatment of patients but they are annoyances which, when necessary for the administration of justice, are reasonable. Physicians ought not to be requested to devote any more time to nonmedical legal matters than is reasonably necessary. When a physician has written out a report of his patient's condition and given it to plaintiff, and the latter has supplied a copy of the report to defendant, it is unreasonable to require the physician to furnish in addition a copy of the notes from which the report was prepared or to make them available to defendant.

### Order

Now, January 30, 1961, defendant's motion for an order requiring plaintiff to authorize defendant to inspect Dr. Irvine G. Milheim's notes of his examination of plaintiff made on and prior to July 30, 1960, is denied.